UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gilbert Bowie, | C/A No. 4:11-716-JMC-TER |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| Robert Stevenson, Warden, BRCI, | |
| Respondent. | |

Petitioner, Gilbert Bowie (Petitioner/Bowie"), is currently incarcerated at Broad River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 28, 2011. Respondent filed an amended motion for summary judgment on July 13, 2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order filed July 14, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #22).

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the Petitioner failed to respond to their motion. Therefore, the court filed a second order on August 24, 2011, giving Petitioner an additional ten (10) days in which to file his response to the Respondent's motion for summary judgment. Petitioner filed a response on September 6, 2011. (Doc. #38).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is currently confined at the Broad River Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Richland County. Petitioner was indicted by the Richland County Grand Jury during the May 2001 Term of the Richland County Court of General Sessions for Trafficking in Cocaine 400 Grams or More (2001-GS-40-03416). (App. 987-88). Petitioner was represented by Beattie Butler, Assistant Public Defender for Richland County. (App. 1-871). The State was represented by Assistant Solicitors David M. Pascoe, Jr., and Donald Sorenson, both of the Fifth Judicial Circuit. Id. On January 16-18, 2002, Petitioner was tried by a jury before the Honorable Henry F. Floyd, Circuit Court Judge. (App. 1-480). This trial ended in a mistrial after the jury could not agree on a verdict. (See App. 469-79). Petitioner was subsequently retried before a jury and Judge Floyd on January 29-30, 2002. (App. 518-871). During this second trial, Petitioner was found guilty of Trafficking in Cocaine, 400 Grams or More. (App. 865). Judge Floyd sentenced Petitioner to thirty years confinement for the trafficking conviction, and imposed a $200,000 fine. (App. 870).

Petitioner timely served and filed a Notice of Appeal on January 30, 2002. On appeal, Petitioner was represented by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. (App. 874-85). Petitioner's appeal was perfected with the filing of a Final Brief of Appellant. Id. In the Final Brief, Petitioner argued the trial court erred in

refusing to suppress cocaine seized from Room 309 of a Days Inn because the affidavit to the search warrant lacked probable cause. Id. The State filed a Final Brief of Respondent. (App. 886-907).

In a published opinion filed June 28, 2004, the Court of Appeals affirmed Petitioner's conviction. (App. 908-19). Petitioner subsequently filed a Petition for Rehearing on July 13, 2004, arguing the Court of Appeals ignored his argument that he had standing under S.C. Code Ann. § 17-13-140. (App. 920-22). The State filed its Return to the Petition for Rehearing on July 21, 2004. (App. 923-27). On August 18, 2004, the Court of Appeals filed its Order Denying the Petition for Rehearing. (App. 928). In the Order, the Court of Appeals stated that after a careful consideration of the Petition for Rehearing, it was unable to discover any material fact or principle of law that had been overlooked or disregarded, and hence, there was no basis for granting a rehearing. Id. It was, therefore, ordered that the petition for rehearing be denied. Id.

Petitioner subsequently filed a Petition for Writ of Certiorari on September 17, 2004. (App. 929-35). In the Petition, Petitioner argued a defendant should have standing under S.C. Code §17-13-l40 to challenge the sufficiency of an affidavit to a search warrant. Id. The State filed its Return to the Petition for Writ of Certiorari on October 11, 2004. (App. 936-46). In a published opinion filed November 7, 2005, the South Carolina Supreme Court affirmed in part, and vacated in part the opinion of the South Carolina Court of Appeals. (App. 947-48). The Supreme Court noted Petitioner had filed a petition asking the Court to review the Court of Appeals' decision in State v. Gilbert Bowie, 360 S.C. 210, 600 S.E.2d 112 (Ct. App. 2004). (App. 948). The Supreme Court granted the petition, dispensed with further briefing, and affirmed the portion of the Court of Appeals' decision dealing with probable cause. (App. 948). However, the Supreme Court vacated the portion of the Court of Appeals' decision dealing with the issue of standing as the issue was not

3

properly before the court. Id. The Remittitur was issued on November 28, 2005. (App. 949-50).

Petitioner filed an Application for Post-Conviction Relief (PCR) on January 5, 2006 (2006-CP-40-0079), alleging ineffective assistance of trial counsel. (App. 951-80). Specifically, Petitioner asserted trial counsel did not do a thorough investigation into Petitioner's case, did not subpoena a potential witness, did not challenge the state's fingerprint theory fully, did not do an investigation into witnesses who were not called, and did not challenge the state's "bogus fingerprint theory" in full. (App. 952). Further, Petitioner contended in the Application that trial counsel was ineffective in not objecting to the trial court's abuse of discretion and error of law in refusing to suppress cocaine seized from the motel room because the "affidavit" to the search warrant failed to provide probable cause. (App. 956-66). Petitioner also contended trial counsel was ineffective because he failed to argue before the trial court regarding actual and constructive possession of the drugs, and in failing to secure an expert witness to challenge the fingerprint data, which Petitioner asserted was flawed and highly questionable. (App. 967-74). Finally, Petitioner asserted his trial counsel was ineffective in not subpoenaing a vital State's witness, and since he was not allowed to cross-examine that witness, his Sixth and Fourteenth Amendment rights were violated. (App. 975-80). The State filed its Return on January 31, 2006. (App. 981-85). An evidentiary hearing was held in the PCR Action on April 28, 2008, before the Honorable G. Thomas Cooper, Jr., Circuit Court Judge. (App. 994-1081). Petitioner was present and was represented Tara Shurling, Esquire. Id. Assistant Attorney General Brian T. Petrano represented the State. Id. On July 24, 2008, the PCR Court filed its Order of Dismissal finding all of Petitioner's claims to be without merit. (App. 1121). As to any and all allegations that were or could have been raised in the application or at the hearing, but were not specifically addressed in this Order, the PCR Court found Petitioner failed to present any

probative evidence regarding such allegations. Id. Accordingly, the PCR Court found that Petitioner waived such allegations and failed to meet his burden of proof regarding them. Id. Accordingly, they were dismissed with prejudice. Id.

Petitioner timely served and filed his Notice of Appeal on December 4, 2008. On appeal, Petitioner was represented by Jeremy A. Thompson, Esquire. The appeal of the PCR Court's Order was perfected with the filing of a Petition for Writ of Certiorari. In the Petition, Petitioner asserted three arguments. First, he contended defense counsel was ineffective for having the Petitioner dress in his prison garb at trial. Second, he asserted defense counsel was ineffective for referring to the Petitioner as a "mule" during his closing argument. Third, Petitioner claimed defense counsel was ineffective for not objecting to testimony that the Petitioner was driving a vehicle owned by a convicted murderer. The State filed its Return to the Petition for Writ of Certiorari on October 14, 2009. In a letter Order filed May 27, 2010, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. The Remittitur was issued on June 15, 2010.

## II. HABEAS ALLEGATIONS

Petitioner filed his petition on March 28, 2011, in which Petitioner raises the following allegations:

GROUND ONE:     Did the trial court abuse its discretion in refusing to suppress cocaine evidence seized from Room 309 of a Days Inn when the affidavit to the search warrant lacked probable cause for the search?

GROUND TWO:     Sixth Amendment violation-the conviction is predicated upon constitutionally insufficient evidence to sustain conviction for trafficking cocaine.

GROUND THREE:   Trial counsel was ineffective for having Petitioner dress in his prison clothing at trial.

GROUND FOUR:   Trial counsel was ineffective for referring to petition as a "mule" during closing arguments.

(Petition).

### III. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

6

## IV.  PROCEDURAL BAR

A.  Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts.  Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue.  See 28 U.S.C. §2254[3]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[2]  As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[3]  §2254(b) and (c) read as follows:
(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is either an absence of available State corrective process; or

    (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

  (2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

  (3)    A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527,

---

        unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B.  Cause and Actual Prejudice

In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

If a petitioner fails to show "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In <u>Kornahrens v. Evatt,</u> 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. <u>See</u> <u>Karsten v. Kaiser Foundation Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## V. ANALYSIS

Respondent contends that Grounds One, Two, and Part of Four are procedurally barred and/or not cognizable under federal habeas review. In Ground One, Petitioner asserts the following:

Ground One: Did the trial court abuse its discretion in refusing to suppress cocaine evidence seized from Room 309 of a Days Inn when the affidavit to the search warrant lacked probable cause for the search?

Supporting facts: t[sic] is petitioner's contention that the trial court erred and abused its discretion in refusing to suppress evidence (cocaine) seized from a Days Inn motel room (309) which was not registered to him. The subject room (309) was, in fact, actually registered to two other men: Juan Poviones and Jose Barrocas. Further, the affidavit issued to authorize the search of Room 309 lacked sufficient probable cause linking petitioner to the cocaine seized because it could not establish to any degree of reasonable probability that petitioner exercised either dominion or control over what was discovered in room 309. The theories of "suspicion" or "mere presence" are grossly inadequate grounds to support probable cause in this instant, let alone a criminal conviction for trafficking in cocaine. Thus, the fact is that the subject conviction violates the Sixth [A]mendment to the U. S. Constitution, as well as the State's counterpart protections.

(Petition).

Respondent argues this issue is procedurally barred in that Petitioner did not raise this issue to the South Carolina Supreme Court for review.

A review of the record reveals Petitioner raised this issue before the South Carolina Court of Appeals. The South Carolina Court of Appeals denied relief on this argument and affirmed Petitioner's conviction. Petitioner filed a petition for rehearing which was denied. Petitioner filed a Petition for Writ of Certiorari to the South Carolina Supreme Court. However, Petitioner did not raise the argument presented in Ground One in either petition, petition for rehearing or petition for writ of certiorari, as he only argued that he had standing to challenge the search warrant under S.C. Code. Ann. §17-13-140. Therefore, as Petitioner did not raise the issue that the trial court abused its discretion in refusing to suppress evidence in his petition for rehearing or in his petition for writ of certiorari, the issue is procedurally barred from federal habeas review.

Even if this issue was not procedurally barred, it would not be cognizable for federal habeas review. As this issue was raised as a state evidentiary question in state court, it is not cognizable here. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). This is an issue of evidence and the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). A federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). As Petitioner raised this clam on direct appeal, he was provided with such opportunity. Therefore, it is recommended that Respondent's motion for summary judgment

be granted with respect to Ground One.

In Ground Two, Petitioner raised the following issue:

Ground Two: SIXTH AMENDMENT VIOLATION - The conviction is predicated upon constitutionally insufficient evidence to sustain conviction for trafficking cocaine.

Supporting facts: Petitioner asserts and contends the evidence presented at trial is constitutionally insufficient to sustain a conviction for trafficking cocaine when the prosecution never proved in the case-in-chief that petitioner exercised dominion and control of the evidence seized on a defective search warrant for a search of Room 309 at a Days Inn, which was not registered to him.

(Petition).

Respondent argues this issue is procedurally barred. Respondent asserts this claim was not raised as a constitutional claim at trial, was not preserved for appellate review as a freestanding claim because it would have to be asserted at the trial level and then raised on direct appeal, and this issue was not raised on direct appeal.

Petitioner did not raise this issue at the trial level as a constitutional claim, and it was not raised as an issue on direct appeal.[4] Therefore, it is procedurally barred from federal habeas review. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, Respondent's motion for summary judgment should be granted with respect to Ground Two.

Even if this issue was not procedurally barred, it would not be cognizable for federal habeas

---

[4] As Respondent pointed out in his memorandum, in his petition, Petitioner checked that he had not raised this issue on appeal. (Petition, doc. #1, p. 7).

review in that the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

In Ground Three, Petitioner raised the following issue:

| | |
|---|---|
| Ground Three: | Trial counsel was ineffective for having Petitioner dress in his prison clothing at trial. |
| Supporting facts: | Trial counsel had petitioner dress for trial in prison clothing. There is no valid trial strategy for such maneuvers; the act of doing so presupposes a jury will be affected prejudicially. |

(Petition).

Respondent disagrees and argues the state courts' rejection of Petitioner's claim was not "contrary to" and did not involve an "unreasonable application of" clearly established United States Supreme Court precedent.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to

effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result

of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

At the PCR hearing, trial counsel testified that it was his idea to have Petitioner brought to court in jail garb. Trial Counsel testified as follows:

> We needed to do something and I thought that the week of the trial the other two could not be found, were nowhere to be found, and I couldn't put that into evidence either. I wanted to get into the fact that they had skipped on their bond and I couldn't get that in. " (Tr. 1074).
> I think the jurors don't have a solid understanding of how much time some drug offenses carry, and this drug offense carried a mandatory minimum of twenty-five years and maximum of thirty, with eight-five percent.
>
> I might be wrong on this, but I don't think that jurors think that trafficking in cocaine carries that much of a sentence, and I wanted them to know that he had been in jail since the time of his arrest, so that if there was a split in the jury—if I was able to convert some to my side, that they might say, you know what, he's been in jail all this time; we don't agree but we are never going to agree, but the Judge told me that I didn't.'
>
> They wanted him dressed out, so that was my decision on that.

(Tr. 1074-1075).

In the Order of Dismissal, the PCR judge concluded the following with regard to this issue of ineffective assistance of counsel issue:

> This Court finds all of the Applicant's claims to be without merit. Trial counsel articulated valid strategic reasons for his choice of tactics regarding all fo the allegations, i.e. vehicle registration, expert witness, "mule" comment, choice of clothing, etc. Our courts are understandably wary of second guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a

>certain strategy, counsel's choice of tactics will not be deemed effective assistance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). See also Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) and McLaughlin v. State, 353 S.C. 476, 575 S.E.2d 841 (2003). This court notes numerous references in the trial record to support its findings that trial counsel was not ineffective and employed viable trial strategy. . . . This Court notes that separate from a direct observation of the Applicant's demeanor, the Applicant demonstrated that his credibility is unreliable both at the trial and at the PCR hearing. . . . this Court finds that trial counsel made every attempt to challenge the State's evidence and employed legitimate trial strategy, whether that strategy was effective is irrelevant.

(Tr. 1121-1123).

The state PCR court's findings are not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. Trial counsel testified that it was trial strategy not to have Petitioner "dress out" at trial and gave his reasons for this strategy. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 844 F.2d 170 (4th Cir.1991). Counsel cannot be judged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Darden v. Wainwright, 477 U.S. 168, 169, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Petitioner provides no evidence of how this action was anything other than "sound trial strategy," and has failed to establish resulting prejudice. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Three.

In Ground Four, Petitioner alleges trial counsel was ineffective for referring to Petitioner as a "mule" during closing arguments. Specifically, Petitioner sets forth the following in his petition for federal habeas review:

>Ground Four:     Trial counsel was ineffective for referring to petitioner as a

|  |  |
|---|---|
|  | "mule" during closing arguments. |
| Supporting facts: | During closing arguments trial counsel portrayed petitioner as a "mule" when the state failed to present any evidence that petitioner exercised dominion and control of any drugs during the case-in-chief. |

(Petition).

Respondent argues this claim is without merit because Petitioner cannot show that the PCR court made an unreasonable determination of the facts in denying relief upon this claim. Furthermore, Respondent asserts that "[t]o the extent Petitioner is relying upon his assertion that the state failed to present any evidence that Petitioner exercised dominion or control over the drugs, that portion of Petitioner's argument is procedurally barred because it was not raised as part of Petitioner's argument in [the] Petition for Writ of Certiorari." (Brief, p. 34-35). Accordingly, Petitioner asserts said portion of Ground Four should be denied as procedurally barred and the remainder dismissed with prejudice as there is no merit.

As previously stated, Petitioner raised the following issue with regard to this matter in his Petition for Writ of Certiorari:

> Whether the lower court erred in finding that defense counsel was not ineffective in referring to the Petitioner as a "mule" during his closing argument?

(Petition for Writ of Certiorari, p.2).

Therefore, as to any issue related to whether the state failed to present any evidence that Petitioner exercised dominion and control of any drugs during the case-in-chief or not is procedurally barred as it was not raised or addressed in Petitioner's petition for Writ of Certiorari. Petitioner has not shown cause and prejudice to overcome the default as to this portion of Ground Four.

At the PCR hearing, trial counsel testified as follows on direct examination:

> [A mule is] somebody who moves drugs but is not seeking or receiving much in the way of financial compensation. He is being paid some amount to move drugs, but it is clear in my closing, and I haven't gone back through it, but I'm not saying he's moving drugs. I'm saying he was moving drugs but didn't know it.
>
> The cops couldn't even find how to open this compartment. He is driving the car they gave him to drive. Here he was. They put him in the car to drive it, and they are smart enough to know not to drive it themselves. So they get him to drive it.
>
> He doesn't even know the drugs are in the car and doesn't know how to operate the mechanism to get to the secret compartment.
>
> So I don't think there is any dispute that he was driving that car and that there were drugs in the car. The issue is, does he know that's what he's doing.
>
> . . .
>
> And, remember, the jury hung the first time; so whatever I did the first time in my opinion worked, so I did it the second time with a few changes.

(Tr. 1064-1065).

Further, trial counsel Butler testified as follows with regard to using the term "mule":

> . . . if I had only said mule it would have been not a good thing to do, but I didn't, and I like using mule because of all those things it denotes.
>
> A mule was not something created by God but something man created, and not particularly smart. They are sterile and they are used for a purpose.
>
> They are used purely for utilitarian reasons, to perform work. So if I had to do that closing again tomorrow, I wouldn't change it.

(Tr. 1076-1077).

The PCR court stated the following in the Order of Dismissal:

> Trial counsel testified that he recalls his representation of the Applicant, that he was successful in obtaining a mistrial after the first trial. Trial counsel testified that he recalled the mistrial and was able to use it as a preview of what to expect at the second trial. . . . Trial counsel testified that the phrase "mule" meant unwitting dupe, and unwitting dupe was also supported by the fact the Applicant was driving the real drug dealer's car. Trial counsel testified that if he was doing the trial today, he would use the phrase mule, because it supports the strategy of trying to convince the jury that the real drug dealers are someone else, that the Applicant was an unwitting participant, which is the explanation the Applicant has consistently given since day one. . .

(PCR Court's Order of Dismissal, Tr. 1118).

The PCR court found as follows:

> This Court finds Applicant's testimony is not credible, while also finding Applicant's counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the Strickland test–that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of Strickland–that he was prejudiced by counsel's performance.
>
> This Court finds all of the Applicant's claims to be without merit. Trial counsel articulated valid strategic reasons for his choice of tactics regarding all of the allegations, i.e. vehicle registration, expert witness, "mule" comment, choice of clothing, etc. Our courts are understandably wary of second-guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. . . .

(PCR Court's Order of Dismissal, Tr. 1121).

Based on a review of the evidence before the court, the PCR Court's determinations were not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the record. Trial counsel testified to his trial

strategy and his reasons for using the term "mule" to try to convince the jury his client was not a real drug dealer but an unwitting participant. Therefore, counsel made a strategic decision that he thought was best for Petitioner during the trial as it worked in the first trial in obtaining a mistrial. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d at 1072; Stamper v. Muncie, supra.

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on this issue and Ground Four be dismissed.

## VI. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #20) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 21, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

20