IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gilbert Bowie, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 4:11-cv-00716-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Robert Stevenson, Warden, BRCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") [Doc. 39]. Petitioner is an inmate incarcerated at the Broad River Correctional Institution. The Magistrate Judge's Report, filed on September 21, 2011, recommends that Respondent's Motion for Summary Judgment [Doc. 20] be granted, that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] be denied, and the Petition be dismissed without an evidentiary hearing. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

  The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in

1

part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner filed Objections [Doc. 47] to the Magistrate Judge's Report and Recommendation. Petitioner's objections consist primarily of a reassertion of the arguments made in his Petition for Writ of Habeas Corpus [Doc. 1]. First, Petitioner objects that "the trial court abused its discretion in refusing to suppress cocaine . . . when the affidavit for the search warrant lacked probable cause for the search." [Doc. 47]. The Magistrate Judge fully addresses Petitioner's argument within the Report. The Magistrate Judge correctly found that this issue is procedurally barred from habeas review because Petitioner failed to raise this issue in his Petition for Rehearing or his Petition for Writ of Certiorari to the South Carolina Supreme Court. Petitioner further argues that to the extent his trial and appellate counsel's failure to raise and make proper record of this claim acted as bar to the issue being raised further, his counsels' assistance was ineffective. However, as the Magistrate Judge noted in the Report, even if this issue was not procedurally barred, it would not be cognizable for federal habeas review because a state court's decision on a question of state law is binding in federal court.

Petitioner next objects that his conviction is based upon insufficient evidence to support a conviction. As the Magistrate Judge correctly notes, Petitioner did not raise this issue at trial as a constitutional claim, and it was not raised as an issue on direct appeal. Thus, this issue is procedurally barred from habeas review. Petitioner argues that to the extent his trial and appellate counsel's failure to raise and make proper record of this claim acted as bar to the issue being raised further, his counsels' assistance was ineffective. However, as the Magistrate Judge noted in the Report, even if this issue was not procedurally barred, it would not be cognizable for federal habeas review because a state court's decision on a question of state law is binding in federal court.

Next Petitioner objects that his trial counsel was ineffective for having Petitioner dress in his prison attire during trial and for referring to Petitioner as a "mule" during closing arguments. The court finds that these issue are a mere reiteration of the issues raised in Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] and were appropriately addressed by the Magistrate Judge in the Report.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation [Doc. 39] and the record in this case, the court adopts the Report and Recommendation. Therefore, it is hereby ordered that Respondent's Motion for Summary Judgment [Doc. 20] be **GRANTED**, that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] be **DENIED**, and the Petition be dismissed without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

>   (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 5, 2012
Greenville, South Carolina